ASHWIN LADVA
LADVA, SHOKER & ASSOCIATES
530 Jackson Street, Second Floor
San Francisco, CA 94133
Telephone: (415) 296-8844
Facsimile: (415) 296-8847

Attorney for Plaintiff,
ART SOWELL

(ENDORSED)
FILED
SEP 20 '07
KIRI TORRE
EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
SANTA CLARA
Zenzen
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

UNLIMITED CIVIL CASE

ARTHUR SOWELL

Plaintiffs,

vs.

COUNTY OF SANTA CLARA, SHERIFF LAURIE SMITH, DOES 1 through 100, inclusive,

Defendants.

CASE NO: 107CV-094762

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. NEGLIGENCE
2. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
3. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
4. VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHTS

BY FAX

1. Plaintiff, ART SOWELL, alleges as follows:

**GENERAL ALLEGATIONS**

2. Plaintiff filed a timely Claim pursuant to California Government Code Section 910 et seq. with Defendants.

3. Defendant COUNTY OF SANTA CLARA (hereinafter referred to as "COUNTY"), is a chartered subdivision of the State of California with the capacity to sue and be sued.

- 1 -
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the SANTA CLARA COUNTY SHERIFF'S DEPARTMENT (hereinafter referred to as "SCCSD"), and its agents and employees.

5. At all times relevant to the facts alleged herein, defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the SCCSD and its employees and agents complied with the laws and the Constitution of the United States and of the State of California.

6. Defendant SHERIFF LAURIE SMITH (hereinafter referred to as "SMITH") is and was at all relevant times mentioned herein, the Sheriff of Santa Clara County.

7. SMITH was charged by law and was responsible with the administration of defendant SCCSD and for the supervision, training and hiring of persons, agents and employees working within said SCCSD, including deputies, nurses, doctors, physician assistant, medical staff, mental health staff and Does 1 through 100, inclusive.

8. Plaintiffs are informed and believe and thereon allege that Defendants sued herein as Does 1 through 100, agents or employees of Defendants SCCSD and COUNTY and were at all relevant times acting in the course and scope of their employment and agency. Plaintiffs allege that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiffs will ask leave of this Court to amend the Complaint to allege such name and responsibility when that information is ascertained.

9. At all times mentioned herein all Defendants were acting under color of state law.

10. Whenever and wherever reference is made in this Complaint to any act by Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendants individually, jointly or severally.

## PRELIMINARY ALLEGATIONS

11. This action is also brought under Title 42 U.S.C. § 1983, and on Eighth and Fourteenth Amendments of the United States Constitution and pursuant to the general laws of the State of California.

12. Plaintiff alleges that the conduct of each defendant deprived PLAINTIFF of his constitutional right to medical health care for his medical needs and custodial care and caused PLAINTIFF to suffer grievous harm and physical injuries while he was located at the Santa Clara County Jail which is in the custody and control of SCCSD and COUNTY.

## FACTS

13. At the time of incident PLAINTIFF was in custody on June 3, 2006 in COUNTY jail.

14. On or about June 3, 2006, PLAINTIFF was excruciating pain. He was unable to get out of his bunk. Plaintiff attempted to get a guard's attention to report the pain he was suffering. PLAINTIFF was suffering from excruciating pain shooting through his back. The gaurds did not pay any attention to PLAINTIFF as it was the shift change.

15. PLANTIFF continued to attempt to get their attention. An officer called the medical staff. When the medical staff arrived, the nurse informed him that there were no doctor's on duty and gave PLAINTIFF a motrin. PLAINTIFF asked to go to the hospital due to the pain he was in but was refused.

16. PLAINTIFF had to urinate. PLAINTIFF attempted to make it to the restroom but instead fell on his back. PLAINTIFF urinated all over himself. Nearly four hours passed before a shift change occurred and a guard noticed PLAINTIFF.

- 3 -
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17. During the time leading up to the guard noticing PLAINTIFF and the time PLAINTIFF first complained, PLAINTIFF was forced to continue to urinate on himself and in a cup and bags. The nurses continued to ignore PLAINTIFF telling him they had duties to see to before helping him.

18. The nurse finally arrived and gave PLAINTIFF two pain pills and was told to wait for the medication to begin. PLAINTIFF again requested to be sent to the hospital and was again refused.

19. This treatment continued until on or about June 5, 2006.

20. Finally, Plaintiff was removed from the cell and taken to the appropriate facility. However, PLAINTIFF was forced to crawl from his cell to the infirmary. Upon arriving at the infirmary. PLAINTIFF defecated all over himself as he was unable to use the toilet for hours. When he was eventually seen by a doctor, the doctor only upped his pain medication and did not offer any other treatment.

21. Finally PLAINTIFF was transported to VMC where he was given more appropriate treatment. However, PLAINTIFF continues to experience pain.

## FIRST CAUSE OF ACTION GENERAL NEGLIGENCE
### Against All Defendants

22. Plaintiff reincorporates and re-alleges as though fully set forth herein each and every allegation contained within the preceding paragraphs 1 through 21.

23. At all times relevant herein, Plaintiff had and throughout his confinement severe medical injuries.

24. As a proximate result of the condition in the facilities and medical treatment that he received and which he failed to receive, Plaintiff has incurred severe injuries and damages.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25. At all times relevant herein, Defendants had duties to assist Plaintiff when he was suffering. Defendants breached their duties by not providing appropriate assistance. Defendants negligently performed the acts which were required of them by the California Constitution and by Sections 2600, 2652, and 4006 of the Penal Code and said negligence was the legal and proximate cause of damage to Plaintiff.

## SECOND CAUSE OF ACTION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Against All Defendants

26. Plaintiff reincorporates and re-alleges as though fully set forth herein each and every allegation contained within the preceding paragraphs 1 through 25

27. The above mentioned acts were intentionally directed at PLAINTIFF and the conduct by Defendants was extremely outrageous and as such caused PLAINTIFF to suffer extreme emotional distress.

28. The way Defendants acted was morally reprehensible to a reasonable person.

## THIRD CAUSE OF ACTION NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Against All Defendants

29. Plaintiff reincorporates and re-alleges as though fully set forth herein each and every allegation contained within the preceding paragraphs 1 through 28.

30. At all times relevant herein, Plaintiff had and throughout his confinement severe medical injuries.

31. As a proximate result of the condition in the facilities and medical treatment that he received and which he failed to receive, Plaintiff has incurred severe emotional distress and damages.

32. At all times relevant herein, Defendants had duties to assist Plaintiff when he was suffering. Defendants breached their duties by not providing appropriate assistance and thus were proximate cause of all emotional distress suffered by Plaintiff. Defendants

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

negligently performed the acts which were required of them by the California Constitution and by Sections 2600, 2652, and 4006 of the Penal Code and said negligence was the legal and proximate cause of damage to Plaintiff.

### FOURTH CAUSE OF ACTION 42 USC 1983
### Eighth Amendment and Lack of Medical Care
### Against All Defendants

33. Plaintiff reincorporates and re-alleges as though fully set forth herein each and every allegation contained within the preceding paragraphs 1 through 32

34. Plaintiff was denied medical care he was entitled to under *Estelle v. Gamble*.

35. Medical care was denied under the Eighth Amendment to Plaintiff due to Defendants deliberate indifference to his serious medical needs.

36. Plaintiff is entitled to reasonable attorney fees and expert witness fees, including investigative fees, under 42 USC 1988.

WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

As to the First Cause of Action:

    1. For special damages according to proof
    2. For general damages according to proof
    3. For costs of the suit herein;
    4. For such other and further relief as the Court may deem just and proper On the First Cause of Action;

As to the Second Cause Of Action:

    1. For special damages according to proof
    2. For general damages according to proof
    3. For costs of the suit herein;
    4. For punitive damages;
    5. For such other and further relief as the Court may deem just and proper On the Second Cause of Action;

As to the Third Cause Of Action:

    1. For special damages according to proof
    2. For general damages according to proof
    3. For costs of the suit herein;
    4. For such other and further relief as the Court may deem just and proper On the Third Cause of Action;

As to the Fourth Cause Of Action:

1. For special damages according to proof
2. For general damages according to proof
3. For costs of the suit herein;
4. For Attorney Fees as available to Plaintiff under 42 U.S.C. Sec. 1988;
5. For punitive damages;
5. For such other and further relief as the Court may deem just and proper On the Fourth Cause of Action;

Dated: ~~July 22, 2005~~
SEPTEMBER 18, 2007

Respectfully submitted,

ASHWIN LADVa
Attorney for Plaintiff,

-7-
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

PROOF OF SERVICE BY MAIL

*Sowell v. County of Santa Clara, et al.*                                                                 No. 1-07-CV094762

I, Catherine M. Grijalva, say:

I am now and at all times herein mentioned have been over the age of eighteen years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110-1770. I am readily familiar with the County's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served a copy of **DEFENDANTS COUNTY OF SANTA CLARA AND SHERIFF LAURIE SMITH'S NOTICE OF AND PETITION FOR REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(b) (Federal Question)** by placing said copy in an envelope addressed to:

Ashwin V. Ladva, Esq.
Ladva, Shoker & Associates
530 Jackson Street, 2nd Floor
San Francisco, CA 94113

which envelope was then sealed, with postage fully prepaid thereon, on **October 22, 2007**, and placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at San Jose, California, on the above-referenced date in the ordinary course of business; there is delivery Service by United States mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 22, 2007**, at San Jose, California.

_____
Catherine M. Grijalva

99074.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Proof of Service by Mail                                               -1-                                              1-07-CV094762