1  ANN MILLER RAVEL, County Counsel (S.B. #62139)
   MARK F. BERNAL, Deputy County Counsel (S.B. #173923)
2  OFFICE OF THE COUNTY COUNSEL
   70 West Hedding, East Wing, 9th Floor
3  San Jose, California 95110-1770
   Telephone: (408) 299-5900
4  Facsimile: (408) 292-7240

5  Attorneys for Defendants
   COUNTY OF SANTA CLARA,
6  and SHERIFF LAURIE SMITH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ARTHUR SOWELL, | ) | No. 07-05394 JF |
|---|---|---|
| Plaintiff, | ) | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | ) | |
| | ) | Date: June 13, 2008 |
| COUNTY OF SANTA CLARA, | ) | Time: 10:30 a.m. |
| SHERIFF LAURIE SMITH, DOES | ) | Crtrm.: 3, 5th Floor |
| 1 through 100, inclusive, | ) | Judge: Hon. Jeremy Fogel |
| Defendants. | ) | |

In accordance with Civil Local Rule 16-9, the parties to the above-captioned matter jointly submit this Joint Case Management Statement and request that the Court adopt it as the Case Management Order in this case. Unless otherwise indicated, all time frames referenced herein refer to calendar days.

1.  Jurisdiction and Service:

Jurisdiction is proper based on a federal question. Plaintiff's Complaint alleges violations of his civil rights under 42 U.S.C. section 1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

Service is complete.

//

//

2. <u>Facts</u>:

Plaintiff alleges that he injured his back while incarcerated at the County of Santa Clara's Main Jail. He further alleges that due to his injury he remained lying on his back, on his cell floor, for three days. He alleges that during this time nursing staff and correction officers at the Main Jail were aware of his situation, yet failed to provide him with medications, failed to move him to a bed, and refused his requests that he be transferred to a hospital. He further alleges that when he did receive an appointment to see a physician at the Main Jail infirmary, he was forced to crawl to the infirmary, at which point he defecated on himself. He alleges that after his appointment in the infirmary, he was transferred to the County hospital where he received appropriate care.

Defendants deny all of the above facts, with the exception that Plaintiff was transferred to the County hospital and did received appropriate care at that facility.

3. <u>Legal Issues</u>:

Whether Defendants are entitled to qualified immunity because their conduct and/or the conduct of their employees did not violate a constitutional right;

Whether Defendants are entitled to qualified immunity because, even if a constitutional right was violated, it was not a clearly established right;

Whether Defendants are entitled to qualified immunity because a reasonable employee/officer would have believed that their conduct was lawful under the circumstances. "Qualified immunity provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991);

Whether *Monell* liability applies to the County;

Whether the conduct of Defendants' employees rose to the level of deliberate indifference.

4. <u>Motions</u>:

Defendants anticipate that one or more dispositive motions will be filed within the next six months, following completion of initial discovery.

5. <u>Amendment of Pleadings</u>:

No amendments are anticipated.

6. <u>Evidence Preservation</u>;

Defendants have located and preserved the records pertaining to Plaintiff's incarceration and medical treatment. No electronic documents have yet been identified.

7. <u>Disclosures</u>:

All parties will complete initial disclosures in compliance with Federal Rule of Civil Procedure 26(a)(1) by the date of the case management conference.

8. <u>Discovery</u>:

The parties propose that discovery proceed pursuant to the Federal Rules of Civil Procedure.

9. <u>Class Actions</u>:

None.

10. <u>Related Cases</u>:

None.

11. <u>Relief</u>:

Plaintiff seeks recovery of general, special, and punitive damages, costs of suit, and such other and further relief as the Court deems just.

Defendants seek judgment in their favor, that Plaintiff recover nothing in this action, and that Defendants be awarded costs of suit.

12. <u>Settlement and ADR</u>:

The parties are amenable to either mediation or early neutral evaluation.

13. <u>Consent to Magistrate Judge for All Purposes</u>:

Defendants **do not** consent to assignment of this action to a magistrate.

14. <u>Other References</u>:

None.

15. <u>Narrowing of Issues</u>:

Unknown at this time.

16. <u>Expedited Schedule</u>:

Not Applicable.

1  17. Scheduling:

2  The parties propose the following schedule:

3  Last Day to Hear Dispositive Motion:        December of 2008

4  Fact Discovery Cutoff:                      December of 2008

5  Expert Disclosures:                         December of 2008

6  Expert Discovery Cutoff:                    January of 2008

7  Trial Date:                                 February of 2009

8  18. Trial:

9  Plaintiff requested a jury trial in the Case Management Statement he filed with the

10 Superior Court. Estimated length of jury trial: 5 days.

11 19. Disclosure of Non-party Interested Entities or Persons:

12 Unknown at this time.

13 I hereby attest that I have on file the holograph signature for the signature indicated by a

14 "conformed" signature (/S/) within this e-filed document.

15 Dated: May 28, 2008                         Respectfully submitted,

16                                             ANN MILLER RAVEL
                                               County Counsel
17

18                                        By:        /S/
                                               MARK F. BERNAL
19                                             Deputy County Counsel

20                                             Attorneys for Defendants
                                               COUNTY OF SANTA CLARA,
21                                             and SHERIFF LAURIE SMITH

22

23 Dated: May 28, 2008                         Respectfully submitted,

24                                             LADVA LAW FIRM

25
                                          By:        /S/
26                                             ASHWIN LADVA

27                                             Attorney for Plaintiff
                                               ARTHUR SOWELL
28