**E-Filed 12/17/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARTHUR SOWELL,<br><br>              Plaintiff,<br><br>      v.<br><br>COUNTY OF SANTA CLARA, et al.<br><br>              Defendants. | Case Number C 07-5394  JF (PVT)<br><br>ORDER[1] GRANTING MOTION FOR SUMMARY JUDGMENT<br><br>[Re: docket no. 26] |

On September 20, 2007, Plaintiff Arthur Sowell ("Sowell") filed the instant action against Defendant Santa Clara County ("County") and Sheriff Laurie Smith ("Smith") (collectively, "Defendants") in the Santa Clara Superior Court.  Sowell alleges that he suffered injuries as a result of allegedly insufficient medical care during his incarceration in the County's Main Jail in June 2006.  Sowell alleges four claims for relief, including general negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and violation of civil rights under 42 U.S.C. § 1983.  Defendants removed the action to this Court on October 23, 2007 and now move for summary judgment.  The Court has considered the briefing

---

[1] This disposition is not designated for publication in the official reports.

submitted by the parties.[2]  For the reasons set forth below, the motion for summary judgment will be granted.

## I. BACKGROUND

Sowell is a former inmate of the County's Main Jail, which is operated and staffed by the County's Department of Correction ("DOC").  Sowell alleges that on Saturday, June 3, 2006, while he was incarcerated in the Main Jail, he slipped on the floor of his cell and suffered resulting back pain.  He alleges that a DOC correctional officer ignored his initial requests for assistance.  Sowell further alleges that once he alerted the DOC officer to his distress, the officer summoned a female nurse who provided him with a Motrin tablet and denied his request to be taken to a hospital.  Sowell asserts that when he attempted to use the toilet a few hours later, he fell from his bed and remained there for several hours, urinating upon himself.  When a DOC officer discovered Sowell, the officer summoned the medical staff to Sowell's cell for assistance.  Sowell claims that when the medical staff arrived, they informed him that a doctor would not be available until the following Monday.

Sowell alleges that he remained on the floor of his cell for several hours, in pain and calling for assistance, and that when the nurse returned to his cell, she provided two additional pain pills and instructed him to remain in his bed.  Pl.'s Opp. to Mot. for Summ. Judg. ("Pl.'s Opp.") at 3.  Sowell claims that the following day, DOC guards arrived at his cell to escort him to the infirmary.  When he was unable to walk, the guards allegedly forced Sowell to crawl on his hands and knees to the infirmary, where he again soiled himself.  Pl.'s Opp. at 3; Compl. ¶ 20.  Sowell asserts that when he arrived at the infirmary, he received additional pain medication and later was sent to Valley Medical Center where he was able to receive "more appropriate care."  Compl. ¶ 21.

It is undisputed that all jail facilities in Santa Clara County are operated by the DOC

---

[2] Oral argument on the motion was scheduled for December 5, 2008 at 9:00 a.m.  At approximately 9:40 a.m., the Court received a telephone message from Plaintiff's counsel indicating that counsel was "stuck in traffic."  Counsel did not appear, and the matter was submitted without oral argument.

rather than the County Sheriff.  Decl. of Captain Kevin Heilman ("Heilman Decl.") at ¶ 4.  The medical staff who work at DOC facilities are employees of the Adult Custody Health Services ("ACHS") division of Santa Clara Valley Health and Hospital System ("HHS").  Decl. of Dr. Alexander Chyorney ("Chyorny Decl.") at ¶¶ 3, 5, and 6.  ACHS provides all medical, mental health, and dental services to adults incarcerated by the County's DOC, including inmates housed in the County's Main Jail.  Chyorny Decl. ¶ 2.   Neither DOC officers nor HHS workers are supervised by the County Sheriff.  Heilman Decl. at ¶¶ 4-6.

Relying upon the declarations of Kevin Heilman, Captain of the DOC, and Dr. Alexander Chyorny, Medical Director of HHS's Adult Custody Health Services, Defendants assert that both the DOC and the HHS have developed policies and procedures designed to ensure that inmate patients are treated with appropriate care.  Def.'s Memo of Points & Authorities in Support of Mot. for Summ. Judg. ("Def.'s Mot. for Summ. Judg.") at 3.  For example, Defendants allege that the DOC's written policies mandate that inmates receive adequate medical care, are not denied toilet facilities, and are free from abuse, harassment, or unnecessary infliction of pain.  Def.'s Mot. for Summ. Judg. at 3; Heilman Decl. at ¶¶ 7 -9.  Moreover, pursuant to written procedural guidelines, the correctional staff are prohibited from interfering with any inmate's medical treatment.  Heilman Decl. at ¶ 8.  Defendants assert that HHS workers are trained to follow similar written policies, which establish "that the department will provide adult inmates with a level of care that is comparable to the quality of care provided in the general community and in a manner that will ensure the well-being of the inmate population."  Def.'s Mot. for Summ. Judg. at 3; Chyorny Decl. at ¶¶ 8-12.  Defendants also allege that procedures utilized by HHS nursing staff must conform with the standardized procedures established by the California Board of Registered Nurses, a protocol that all Adult Custody Health Services Staff are required to follow when managing pain for inmates.  Def.'s Mot. for Summ. Judg. at 3; Chyorny Decl. at ¶¶ 8-12.

In his opposition brief, Sowell concedes "all . . . issues presented in the motion for summary judgment except for the issue of municipal liability." Pl.'s Opp. at 5.   Thus, although the facts he alleges may be or might have been sufficient to support various theories of liability

3

against the individuals involved, the Court will not inquire into Sowell's state law claims.[3] The only remaining issue in the instant action is whether the County is municipally liable for constitutional violations pursuant to 42 U.S.C. § 1983.

## II. LEGAL STANDARD

A motion for summary judgment should be granted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the Court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. *Anderson*, 477 U.S. 242, 248-49; *Barlow v. Ground*, 943 F. 2d 1132, 1134-36 (9th Cir. 1991). The nonmoving party may not rest upon mere allegations or denials to meet its burden. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

## III. DISCUSSION

**A. Sowell's Request for a Continuance pursuant to Rule 56(f)**

A party may request that the hearing on a motion for summary judgment be continued to permit that party to conduct further discovery. Fed. R. Civ. P. 56(f). However, a party requesting a continuance pursuant to Rule 56(f) must do so by formal motion: a "request in his memorandum in opposition to the County's motion for summary judgment . . . [i]s plainly

---

[3] Pursuant to the California Tort Claims Act, public entities cannot be liable for common law torts. Cal. Gov. Code § 815 ("(a) A public entity is not liable for an injury, whether such injury arises out of an act or an omission of the public entity or a public employee or any other person."). Accordingly, the Court will grant Defendants' motion for summary judgment with respect to Sowell's claims for negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress.

inadequate" to justify a continuance. *Weinberg v. Whatcom County,* 241 F.3d 746, 751 (9th Cir. 2001). Moreover, a motion for a continuance must be supported by affidavits setting forth the particular facts expected to be discovered and how those facts would preclude summary judgment. *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986). The party seeking additional discovery bears the burden of offering sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment. *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). The movant additionally must show that he or she has been diligent in conducting discovery. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996). "Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." *Weinberg v. Whatcom County,* 241 F.3d 746, 751 (quoting *Brae Transp.*, 790 F.2d at 1443).

      Sowell requests a ninety-day continuance to conduct additional discovery pursuant to Fed. R. Civ. P. 56(f). Sowell states that he intends to inquire into the "training that the guards and medical staff receive" and whether any of the actions taken by the guards or medical staff were ratified by a person with policy making authority. See Decl. of Ashwin Ladva ("Ladva Decl.") at ¶¶ 2-3. He asserts that discovery in these areas "will raise a genuine issue of material fact." *Id.* Because the request is made for the first time in Sowell's opposition brief and because Sowell has not filed a formal motion for a continuance, the request does not satisfy the procedural requirements of Rule 56(f) More importantly, the request does not set forth facts showing that the evidence Sowell seeks actually exists, or how any facts, if discovered, would preclude summary judgment. Finally, the Court notes that Sowell failed to conduct *any* discovery during the six-week period between service of the instant motion and the date of the hearing, suggesting that he has not been diligent in pursuing discovery. Accordingly, the request for a continuance will be denied.

**B. Claims under 42 U.S.C. § 1983**

      Counties may be sued for violations of federal civil rights pursuant to 42 U.S.C. § 1983. *Moor v. County of Alameda*, 411 U.S. 693, 719-21 (1973). However, a municipality is not liable for the wrongful conduct of its police officers unless the officers acted pursuant to a policy,

custom or practice of the city. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978); *Mateyko v. Felix*, 924 F.2d 824, 826 (9th Cir. 1990) (as amended). A policy is a formally adopted rule, statute, or guideline enacted by a public entity. *Pembaur v. Cincinatti*, 475 U.S. 469, 480-82. A custom or practice is defined as an action that is so persistent and widespread that it is considered "permanent and well-settled . . . with the force of law." *Monell*, 436 U.S. at 691. Liability is attributed to the municipality through a policy maker's actual or constructive knowledge of and acquiescence in the unconstitutional custom or practice. *See Oviatt v. Pearce*, 954 F.2d 1470, 1477 (1992). However, liability cannot be based upon the theory of respondeat superior. *Monell*, 436 U.S. at 691. Additionally, "[i]nadequate training can form the basis for municipal liability 'only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.'" *Mateyko*, 924 F.2d at 826 (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

### 1. Proof of Policy, Custom, or Practice

Pursuant to their initial burden, Defendants have presented evidence that the County's written policies are designed to ensure the safe and humane treatment of all inmate patients, *see* Heilman Decl. ¶ 7, and to provide adult inmates with a level of medical care that is comparable to the quality of care provided in the general community. Chyorny Decl. ¶ 8. Defendants also presented evidence that neither the DOC nor the HHS have a policy or custom of "(a) leaving inmate patients with back injuries on the floor for days, forcing them to urinate upon themselves, or (b) requiring inmate patients with back injuries to crawl from their cells to the Main Jail infirmary." Heilman Decl. ¶ 9; Chyorny Decl. ¶ 7. Accordingly, even assuming that Sowell's claims of alleged mistreatment are true, such mistreatment would be inconsistent with established County policies. This fact, if undisputed, would preclude municipal liability under *Monell*. The burden thus shifts to Sowell to present specific facts that demonstrate a genuine issue for trial.

Sowell asserts that various County employees, including DOC officers and members of the HHS medical staff, maintained a policy or custom of deliberate indifference to his serious medical needs in violation of the Eight Amendment against cruel and unusual punishment. Pl.'s

Opp. at 8. In fact, he alleges that this policy or custom was Defendants' standard operating procedure. However, rather than presenting any evidence to support his claims Sowell belatedly seeks discovery so that he may "investigate this possibility further," by reviewing other inmates' requests for medical treatment and the "possibility that their requests . . . ha[ve] been denied in the past." Pl.'s Opp. At 6. As noted above, Sowell's request for a continuance suffers from both procedural and substantive deficiencies. Accordingly, because Sowell presents only speculation as to whether such an actionable policy or custom exists, he fails to demonstrate that there is a genuine issue of fact for trial.

Sowell also contends that pursuant to *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992), he can prove "the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded." He asserts that because the Defendants have not produced evidence showing that the County has conducted disciplinary proceedings against the employees in question, a triable issue of fact exists. Once the moving party has met its initial burden, the *non-moving* party must present *specific facts* to demonstrate that a genuine issue of material fact exists for trial. *See Celotex*, 477 U.S. at 324. Sowell has not presented any evidence of an actionable custom or informal policy of failing to discipline errant employees.

**2. Proof of Failure to Train DOC Officers**

Finally, Sowell alleges that a municipality may be liable under 42 U.S.C. § 1983 for failure to train, supervise, or discipline its employees where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. *See Canton v. Harris*, 489 U.S. 378, 382. In *Canton*, the Supreme Court defined "deliberate indifference," holding that where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need" for training or supervision. *Id.* at 390. Sowell argues that because Defendants have not offered evidence as to how County policies were implemented and whether the officers were informed of the seriousness of their duties, a triable issue of fact exists. Once again, Sowell fails to point to any

facts tending to show that the County in any way failed to train, supervise, or discipline its employees.

### IV. ORDER

The motion for summary judgment is GRANTED.[4]

DATED: December 17, 2008

                                                      JEREMY FOGEL
                                                    United States District Judge

---

[4] One week after Defendants' motion for summary judgment was taken under submission by the Court, Sowell filed a motion for leave to amend the complaint. That motion is addressed in a separate order issued in conjunction with the instant order.

8

Case No. C 07-5394 JF (PVT)
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
(JFEX2)

1  This Order has been served upon the following persons:

2  Ashwin Virji Ladva aladva@yahoo.com

3  Mark F. Bernal mark.bernal@cco.sccgov.org, cathy.grijalva@cco.sccgov.org

4  Jeffrey Goldfien
   10 Knolltop Court
5  Novato, CA 94945-3405

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

Case No. C 07-5394 JF (PVT)
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
(JFEX2)